

# Service of Process Transmittal
04/06/2016
CT Log Number 528945819

| | |
|---|---|
| **TO:** | Scott Yurko<br>Tokio Marine Specialty Insurance Company<br>One Bala Plaza, Suite 402<br>Bala Cynwyd, PA 19004- |
| **RE:** | **Process Served in New York** |
| **FOR:** | Philadelphia Indemnity Insurance Company  (Domestic State: PA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | W.E. TRAILS, LLC, Pltf. vs. PHILADELPHIA INDEMNITY INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return, Complaint |
| **COURT/AGENCY:** | Davidson County Chancery Court, TN<br>Case # 16286I |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/06/2016 postmarked on 04/04/2016 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of service |
| **ATTORNEY(S) / SENDER(S):** | CLINTON H. SCOTT<br>GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC<br>101 North Highland Ave.<br>Jackson, TN 38301<br>(731) 664-1340 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/06/2016, Expected Purge Date: 04/11/2016<br><br>Image SOP<br><br>Email Notification,  Nora Howard  nhoward@phlyins.com<br><br>Email Notification,  Scott Yurko  scott.yurko@tmnas.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710<br>216-802-2121 |

Page 1 of  1 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**TN** Department of **Commerce & Insurance**

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243

CERTIFIED MAIL



7015 0640 0007 0042 8268

FIRST CLASS

$06.95
0004292626   APR 04 2016
MAILED FROM ZIP CODE 37243

7015 0640 0007 0042 8268        04/01/2016
PHILADELPHIA INDEMNITY INSURANCE COMP.
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

April 1, 2016

Philadelphia Indemnity Insurance Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN  37929-9710
NAIC # 18058

Certified Mail
Return Receipt Requested
7015 0640 0007 0042 8268
Cashier # 25074

Re:  W. E. Trails, Llc  V.  Philadelphia Indemnity Insurance Company

Docket # 16-286-I

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served April 1, 2016, on your behalf in connection with the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Davidson County
    One Public Square, Suite 308
    Nashville, Tn  37201


**COPY**

| STATE OF TENNESSEE<br>20ᵀᴴ JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER<br>*16-286-I* |
|---|---|---|
| **PLAINTIFF**<br><br>W.E. Trails, LLC | **DEFENDANT**<br><br>Philadelphia Indemnity Insurance Company | |

| TO: (NAME AND ADDRESS OF DEFENDANT)<br><br>Philadelphia Indemnity Insurance Company<br>c/o Commissioner of Insurance<br>500 James Robertson Parkway<br>Nashville TN 37243-0565<br><br>List each defendant on a separate summons. | Method of Service:<br><br>G   Certified Mail<br>G   Davidson Co. Sheriff<br>GX  *Comm. Of Insurance<br>G   *Secretary of State<br>G   *Out of County Sheriff<br>G   Private Process Server<br>G   Other<br>     *Attach Required Fees |
|---|---|

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>J. Brandon McWherter<br>bmcwherter@gilbertfirm.com<br>Gilbert Russell McWherter Scott Bobbitt<br>341 Cool Springs Blvd., Suite 230<br>Franklin TN 37067<br>615-354-1144 | **FILED, ISSUED & ATTESTED**<br><br>MAR 2 2 2016<br><br>MARIA M. SALAS, Clerk and Master<br>By:           1 Public Square<br>              Suite 308<br>              Nashville, TN 37201<br><br>             Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| **TO THE SHERIFF:** | **DATE RECEIVED** |
|---|---|
| | **Sheriff** |

***Submit one original plus one copy for each defendant to be served.

♿ADA Coordinator, Maria M. Salas (862-5710)

# RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____  ☐ Not Found _____
☐ Not Served _____  ☐ Other _____

| DATE OF RETURN: | By: |
| --- | --- |
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20___. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| --- | --- |
| Signature of _____ Notary Public or _____ Deputy Clerk | |
| My Commission Expires: _____ | |

| NOTICE OF PERSONAL PROPERTY EXEMPTION | |
| --- | --- |
| TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.<br><br>Mail list to: Clerk & Master<br>1 Public Square<br>Suite 308<br>Nashville TN 37201<br><br>Please state file number on list. | ATTACH RETURN RECEIPT HERE (IF APPLICABLE) |

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master<br><br>By: _____<br><br>D.C. & M. |
| --- | --- |



IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| W.E. TRAILS, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 16-286-I |
| v. | ) | Jury Demanded |
| | ) | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW W.E. Trails, LLC, and for its Complaint against Philadelphia Indemnity Insurance Company would respectfully state and show as follows:

### PARTIES AND JURISDICTION

1. W.E. Trails, LLC ("Plaintiff") is a limited liability company duly formed under the laws of the State of Tennessee. At all times relevant hereto, Plaintiff owned the structures and improvements located at 101 to 348 Trails Circle, Nashville, Tennessee (the "Insured Premises").

2. Philadelphia Indemnity Insurance Company ("Defendant") is a Pennsylvania corporation engaged in the business of insurance in the State of Tennessee, including Davidson County. Defendant's corporate headquarters is located at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania.

3. This Complaint originates as the result of a fire that severely damaged the Insured Premises, and Defendant's unlawful and wrongful refusal to honor the insurance policy issued by Defendant to Plaintiff and to fully pay Plaintiff for the amounts to which it is entitled.

## FACTS

4. At all times material hereto, Plaintiff was the insured pursuant to an insurance contract whereby Defendant agreed to insure the structures and improvements located on the Insured Premises against loss and damage, being Policy No. PHPK1280547 (the "Policy"). The Policy is incorporated herein by reference as if set forth verbatim. As relevant hereto, the term of the Policy was January 11, 2015 to January 11, 2016.

5. At all times relevant hereto, the Insured Premises consisted of the improvements, structures and surrounding area known as The Trails Apartments, located at 101 to 348 Trails Circle, Nashville, Tennessee. The Insured Premises is a multi-family apartment complex.

6. The Policy provided insurance coverage for loss or damage to the Insured Premises. The Policy is an "all risk" policy, which means that it provides insurance coverage for all accidental direct physical loss or damage to covered property unless the loss is specifically excluded in the Policy and subject to the Policy's terms, conditions, and limitations.

7. The Policy provides coverage for the buildings and structures on the Insured Premises on a "replacement cost" valuation basis, which means that coverage is provided for the cost of replacement without deduction for depreciation.

8. The Policy also provides coverage for loss of business income and extra expenses, which grants Plaintiff insurance coverage for loss of business income and extra expenses sustained as a result of a covered loss to the Insured Premises.

9. Pursuant to the Policy, Plaintiff paid a premium to Defendant in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

10. On or around July 20, 2015, an accidental fire occurred at the Insured Premises that damaged structures and improvements located at 325-348 Trails Circle, Nashville, Tennessee (the

"Loss"). As a result of the Loss, the structures and improvement located at 325-348 Trails Circle, Nashville, Tennessee suffered immediate and direct physical loss or damage, including but not limited to loss and damage caused by fire, exposure to soot, smoke, water, etc.

11. The Policy was in effect at the time of the Loss, and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

12. The Loss was promptly reported to Defendant.

13. Plaintiff fulfilled all of the duties after the Loss that were imposed upon it by the Policy.

14. Defendant admitted to Plaintiff that the Loss was a compensable claim, but Defendant has paid Plaintiff for only a portion of the damage sustained to the Insured Premises as a result of the Loss.

15. During an initial onsite meeting attended by representatives of Plaintiff and Defendant, Defendant approved the necessary expense of Plaintiff engaging a construction management supervisor to organize and oversee the reconstruction project. In reliance on this approval, Plaintiff entered into a contract with a construction manager at a fee of seven percent (7%) of the construction project expense.

16. Nearly five months later, on or around December 3, 2015, Defendant denied reimbursement for the previously approved expense associated with the construction manager.

17. Defendant's failure and refusal to pay the seven percent (7%) construction management fee is wrongful for at least three reasons: (a) the construction management fee is a normal, reasonable, and customary expense that is part of the replacement cost value of the direct physical loss occasioned by the Loss; (b) the construction management fee constitutes an "extra expense" that is covered by the terms of the Policy; and (c) Defendant waived any argument or

3

assertion that the construction management fee is not covered by the Policy by virtue of its promises and representations to Plaintiff that the construction management fee would be covered, and Defendant is therefore estopped from taking a position to the contrary.

18. In addition to the dispute between Plaintiff and Defendant concerning the construction management fee, a broader dispute exists between Plaintiff and Defendant as to the amount of the Loss. Defendant has paid Plaintiff some benefits for the Loss, but Plaintiff has provided Defendant significant evidence that its payment is substantially less than the replacement cost of the Loss.

19. By letter dated February 15, 2016, Plaintiff demanded that the amount of the Loss be submitted to the appraisal process as outlined in the Policy.

20. With respect to appraisal, the Policy provides:

**Appraisal**

If we and you disagree on the value of the property or the amount of "loss", either may make written demand for an appraisal of the "loss". In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

21. Plaintiff appointed Justin Willits as its appraiser, and Defendant appointed Russ Dailey as its appraiser. The two appraisers have not yet agreed to an appraisal umpire, and Plaintiff therefore requests that this Court appoint an umpire as set forth in the Policy.

4

22. Defendant's refusal to promptly and fully pay Plaintiff the amounts owed as a result of the Loss is without justification.

23. Defendant's refusal to pay the money and benefits due and owing Plaintiff under the Policy and refusal to submit the claim to appraisal has caused Plaintiff to seek legal counsel and to initiate this Complaint to recover the insurance proceeds and/or other Policy benefits to which Plaintiff is entitled.

## CAUSES OF ACTION

### Count I – Breach of Contract

24. The allegations contained in the preceding and following paragraphs of this Complaint are incorporated herein by reference as if set forth verbatim.

25. The Policy issued by Defendant to Plaintiff is a binding contract, and is supported by valid consideration.

26. Defendant is in total, material breach of the Policy, and Defendant is liable to Plaintiff in the maximum amount allowed by the Policy for the insured loss and damage occasioned by the Loss, less payments previously made. Specifically, Defendant breached its contract with Plaintiff by its failure and refusal to fully pay the amounts owed to Plaintiff as a result of the Loss as required by the terms of the Policy.

27. As a direct and proximate result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the Insured Premises caused by the Loss, construction management fees as promised by Defendant, loss of business income, extra expenses, and loss adjustment expenses, as well as consequential damages, plus interest thereon.

28. Defendant is liable to Plaintiff for its losses.

5

29. Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256 (Tenn. Ct. App. 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable investigation of Plaintiff's claim; (3) unjustly refused to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to make payments to Plaintiff as required by the Policy; (5) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; (6) failed to treat Plaintiff's interests equal to that of its own; (7) promised coverage and benefits to Plaintiff and then refused to honor such promises; (8) failed to fully inform Plaintiff of its rights and obligations under the Policy; (9) failed and refused to acknowledge communications from Plaintiff and/or act reasonably and promptly upon such communications; (10) refused to honor estimates provided by its own experts that greatly exceed the amounts paid to Plaintiff; (11) utilized other biased and unqualified "experts" and contractors in an effort to avoid its contractual obligations; (12) offered to Plaintiff substantially less than the amount actually owed in an effort to deprive Plaintiff of its rights under the Policy; (13) forced Plaintiff to file suit in order to enforce its rights under the Policy and to enforce the promises of Defendant; (14) attempted to settle the Plaintiff's claim for less than the amount that a reasonable person would believe Plaintiff was entitled; (15) failed to industry standards and a plain interpretation of the Policy concerning Plaintiff's claim for construction management fees; and (16) such other facts and circumstances as alleged in this lawsuit and/or to be shown at trial.

6

30. In so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished. Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to fully pay Plaintiff for its losses and withheld monies and benefits rightfully due Plaintiff.

31. Upon information and belief, the acts and omissions committed by Defendant in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to its handling of these types of claims.

31. Plaintiff seeks, and is entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiff requests that this Honorable Court award a judgment against Defendant as follows:

A. For performance of the Policy and for compensatory damages as a result of Defendant's breach of contract not to exceed $750,000 or such other amount as the jury may determine that Plaintiff is lawfully entitled;

B. For punitive damages not to exceed $7,000,000;

C. For the appointment of an appraisal umpire;

D. For all costs incurred by Plaintiff as a result of this action;

E. For pre- and post-judgment interest; and

F. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury.

7

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

_____
J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd, #230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
Facsimile: (731) 664-1540

CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
101 North Highland Ave.
Jackson, Tennessee 38301
Telephone: (731) 664-1340
Facsimile: (731) 664-1540

*Attorneys for Plaintiff*

## COST BOND

This firm stands as surety for costs in this cause.

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

_____